**Objection Deadline: February 27, 2020**
**Reply Deadline: March 2, 2020 at 4:00 p.m.**
**Hearing Date and Time: March 5, 2020 at 2:00 p.m.**

Christopher Paul Anton
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
canton@gibbonslaw.com
Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Robert Gordon Abramson,<br><br>Debtor. | Case No. 19-10997-mg<br><br>Chapter 7 |
| Murray Palent, as Executor of the Estate of Arthur Palent,<br><br>Plaintiff,<br>v.<br><br>Robert Gordon Abramson,<br><br>Defendant. | Adv. Proc. No. 19-01309-mg |

**MOTION OF MURRAY PALENT, AS EXECUTOR OF THE ESTATE OF ARTHUR PALENT, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 4007-2(b), FOR APPROVAL OF A STIPULATION OF SETTLEMENT OF ADVERSARY PROCEEDING**

## Contents

Background..................................................................................................3

Jurisdiction..................................................................................................6

Relief Requested.........................................................................................6

Notice........................................................................................................10

Conclusion................................................................................................10

**Exhibit 1** - Stipulation of Settlement of Adversary Proceeding

**Exhibit 2** – Proposed Order

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Murray Palent, as Executor of the Estate of Arthur Palent (**"Plaintiff"**), moves for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) and Local Bankruptcy Rule 4007-2(b) approving a Stipulation of Settlement of Adversary Proceeding between defendant Robert Gordon Abramson (the **"Debtor"**) and Plaintiff (the **"Motion"**), and in support of the Motion respectfully represents as follows:

## Background

1. On October 14, 2005, the Debtor filed a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**) under Case No. 05-46891 (the **"2005 Bankruptcy Case"**).

2. On December 15, 2005, Plaintiff's late father, Arthur Palent, commenced an adversary proceeding against the Debtor in the 2005 Bankruptcy Case under Adversary Proceeding No. 05-03283-mg, seeking to have a debt totaling approximately $500,000.00 declared nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) (the **"2005 Adversary Proceeding"**).

3. The 2005 Adversary Proceeding was resolved by way of a Stipulation and Order Settling Adversary Proceeding dated June 12, 2007, which was entered on September 19, 2007 (the **"2007 Stipulation and Order"**) [Doc. No. 24 in 2005 Adversary Proceeding].

4. Pursuant to the Stipulation and Order, the Debtor agreed, among other things, to pay certain sums to Arthur Palent (the **"Settlement Obligations"**).

5. The 2005 Adversary Proceeding was closed on December 19, 2007 and reopened on July 18, 2013 on the motion of Plaintiff, who was substituted as plaintiff for Arthur Palent, who died in 2010. [Doc. Nos. 36 and 37 in the 2005 Adversary Proceeding].

6. On August 23, 2013, the Bankruptcy Court entered judgment in favor of the Estate of Arthur Palent and against the Debtor in the 2005 Adversary Proceeding in the amount of $131,866.11 based on the Debtor's default of his payment of certain of the Settlement Obligations under the Stipulation and Order (the **"Judgment"**) [Doc. No. 46 in the 2005 Adversary Proceeding].

7. The Judgment provides that Plaintiff may apply to the Bankruptcy Court on notice to the Debtor for additional attorneys' fees and expenses that may become due in enforcing the Stipulation and Order.

8. On March 28, 2014, Plaintiff and the Debtor entered into a forbearance agreement by which Plaintiff agreed to forbear from exercising certain rights and remedies under the Stipulation and Order and the Judgment, conditioned on the Debtor meeting certain payment milestones (the **"Forbearance Agreement"**).

9. The Debtor acknowledged in the Forbearance Agreement that the Judgment is valid, final and enforceable, and he further agreed that in the event a bankruptcy case is filed by or against him, he would not oppose a request by Plaintiff to exclude the Debtor's obligations under the Stipulation and Order or the Judgment from the any discharge.

10. The Debtor defaulted under the Forbearance Agreement on or about June 1, 2014 and the Judgment has not been satisfied.

11. On April 1, 2019 (the **"Petition Date"**), the Debtor filed the instant Chapter 7 petition with this Court under Case No. 19-10997-mg (the **"2019 Bankruptcy Case"**).

12. On July 3, 2009, Plaintiff filed the within adversary proceeding (the **"2019 Adversary Proceeding"**) seeking a declaration that the Debtor's obligations under the Stipulation and Order and the Judgment are excluded from any bankruptcy discharge in the 2019 Bankruptcy Case.

13. Count I of the Complaint in the 2019 Adversary Proceeding (the **"Complaint"**) alleges that the Debtor's obligations are nondischargeable because those obligations were excepted from discharge in the 2005 Bankruptcy Case and do not fall into any of the eight enumerated grounds in Section 523(b) of the Bankruptcy Code. See, e.g., Hatmaker v. Klasinski (In re Klasinski), 215 B.R. 181, 183 (Bankr. C.D. Ill. 1997). Counts II and III of the Complaint seek a declaration that the Debtor's obligations are nondischargeable pursuant to Sections 523(a)(2)(A) and/or 523(a)(6) of the Bankruptcy Code based on the nature of the underlying debt. The Complaint also alleges that the Debtor continued his pattern of willful and malicious misconduct through his efforts to avoid the entry of the Judgment and his refusal to respond to Plaintiff's post-judgment discovery requests, thereby causing Plaintiff to incur substantial attorneys' fees and expenses.

14. Plaintiff alleges in the Complaint in the 2019 Adversary Proceeding that as of the filing of the Petition Date there was due and owing to Plaintiff from the Debtor under the Judgment (after giving due credit for all payments of thereon in the aggregate amount of $31,250.00) the sum of $100,616.11, together with post-judgment interest and additional attorneys' fees and expenses of $37,910.19, as provided for in the Judgment.

15. On August 13, 2019, a Clerk's entry of default was entered against the Debtor for failing to answer the Complaint [Doc. No. 5 in the 2019 Adversary Proceeding].

16. On September 5, 2019, the Debtor filed a letter objecting to the Entry of Default [Doc. No. 11 in the 2019 Adversary Proceeding].

17. On September 12, 2019 Plaintiff filed a letter opposing the Objection to the Entry of Default [Doc. No. 13 in the 2019 Adversary Proceeding].

18. A pretrial conference was held in the 2019 Adversary Proceeding on November 6, 2019 and was attended by the Debtor and counsel for Plaintiff. At the pretrial conference, the Court set a deadline of November 27, 2019 at 5:00 pm to file an Answer to the Complaint, as reflected in Case Management and Scheduling Order #1, filed November 6, 2019 [Doc. No. 15 in the 2019 Adversary Proceeding].

19. The Debtor did not file an Answer to the Complaint by the November 6, 2019 deadline or anytime thereafter.

20. Plaintiff and the Debtor have engaged in settlement discussions with a view toward avoiding the costs, risks and distraction of further litigation and have determined to resolve their disputes on the terms and subject to the conditions of the Stipulation of Settlement of Adversary Proceeding (the **"Stipulation of Settlement"**) attached hereto as Exhibit 1.

## Jurisdiction

21. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## Relief Requested

22. Through this Motion, Plaintiff requests the entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4007-2(b) approving

the Stipulation of Settlement. A proposed form of order approving the Stipulation of Settlement is attached hereto as Exhibit 2.

23. Federal Rule of Bankruptcy Procedure 9019 provides the Bankruptcy Court with authority to approve a settlement upon motion and after notice and a hearing. Fed. R. Bankr. P. 9019(a).

24. Local Bankruptcy Rule 4007-2(b) states:

(b) Settlement of Proceedings. In all instances not governed by section 524(d) of the Bankruptcy Code, no adversary proceeding to determine the dischargeability of a debt shall be settled except pursuant to an order of the Court after due inquiry into the circumstances of any settlement, including the terms of any agreement entered into between the debtor and creditor relating to the payment of the debt, in whole or in part.

25. The Stipulation of Settlement sets forth the circumstances and terms of the parties' settlement.

26. Pursuant to the Stipulation of Settlement, the amount of the Judgment will be fixed at $100,000 and will be excluded from any discharge to be entered in this case or any subsequent bankruptcy case.

27. The amount due under the judgment shall be increased only by: (1) post-judgment interest that accrues after the entry of a final order approving the Stipulation of Settlement (the **"Stipulation Effective Date"**); and (2) any attorneys' fees and expenses of collection awarded under the Judgment after the Stipulation Effective Date.

28. The Stipulation of Settlement provides that Plaintiff shall not attempt to collect on or enforce the Judgment until the later of: (1) thirty days after the 2019 Bankruptcy Case is closed; or (2) thirty days after the entry of a final order in the Debtor's pending divorce case.

29. "As a general matter, '[s]ettlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." In re Dewey & LeBoeuf LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012) (quoting In re MF Global Inc., No. 11-2790, 2012 Bankr. LEXIS 3701, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y Aug. 10, 2012)).

30. Before approving a settlement under Bankruptcy Rule 9019, the Court must determine that it is fair, equitable, and in the best interests of the estate. Id. (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)). "However, a court should not conduct a 'mini-trial' on the merits." In re Schneider, 2015 U.S. Dist. LEXIS 38707, at *13, 2015 WL 1412364 (E.D.N.Y. March 26, 2015) (quoting Smart World Techs., LLC v. Juno Online Servs., Inc. (In re SmartWorld Techs., LLC), 423 F.3d 166, 177 (2d Cir. 2005)). Indeed, "a bankruptcy judge need not decide the numerous questions of law and fact raised by the settlement, but rather, should 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" Bildirici v. Kittay (In re E. 44th Realty, LLC), No. 05 BR. 16167, 2008 U.S. Dist. LEXIS 7337, at *23, 2008 WL 217103 (S.D.N.Y. Jan. 23, 2008) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)). "To be approved, '[t]he settlement need not be the best that the debtor could have obtained.'" In re Sabine Oil & Gas Corp., 555 B.R. 180, 257 (Bankr. S.D.N.Y. 2016) (quoting In re Adelphia Commc'ns Corp., 368 B.R. 140, 225 (Bankr. S.D.N.Y. 2007)).

31. The Second Circuit has identified the following factors to be used when evaluating settlements in bankruptcy cases:

   (a) the probability of success should the issues be litigated, versus the present and future benefits of the settlement without the delay and expense of litigation and subsequent appeals;

(b) the likelihood of complex and protracted litigation if the settlement is not approved (with its attendant expense, inconvenience, and delay), including the difficulty in collecting on the judgment;

(c) the interests of the creditors, including the degree to which creditors support the proposed settlement;

(d) the proportion of interested parties who support the settlement, and the relative benefits to be received;

(e) the competency and experience of counsel supporting the settlement, and the extent to which the settlement is the product of arm's length bargaining; and

(f) the nature and extent of releases to be issued.

See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007).

32. Here, the Debtor failed to answer the Complaint and there was a risk that a default judgment would have been entered against him for all sums alleged to be owed in the Complaint had the parties not reached a compromise. There also was a prospect of additional delay and expense in the event the Debtor attempted to vacate the default and defend the action or otherwise objected to the entry of default judgment or the amount thereof.

33. The settlement will not interfere with the administration of the Debtor's bankruptcy case or impact the estate or other creditors because the Stipulation of Settlement specifically provides that Plaintiff will not attempt to collect on or enforce the Judgment until the later of: (1) thirty days after the 2019 Bankruptcy Case is closed; or (2) thirty days after the entry of a final order in the Debtor's pending divorce case.

34. Although the Debtor is not represented by counsel, he is a sophisticated business person who has been a debtor in two Chapter 7 cases and a defendant in five prior nondischargeability actions. (Palent v. Abramson, Adv. Proc. No. 05-03283, Centennial Ins. Co. v. Abramson, Adv. Proc. No. 06-01357, MBNA America Bank, NA, Adv. Proc. No. 06-01371,

Abramson v. Abramson, Adv. Proc. No. 06-01405, and Heyman v. Abramson, Adv. Proc. No. 06-01410). The Debtor engaged in arm's length settlement discussions with Plaintiff.

35. In sum, the settlement as embodied in the Stipulation of Settlement is fair and equitable and well within the range of reasonableness required for approval by this Court.

## Notice

36. Pursuant to Rules 9019 and 2002 of the Federal Rules of Bankruptcy Procedure, the Debtor, the Chapter 7 Trustee, all creditors and the Office of the United States Trustee are being given at least twenty-one days' notice by mail of the hearing on the within motion.

37. Plaintiff does not believe there are any other entities who have or claim an interest in the subject matter of the proposed order submitted herewith or who otherwise would be affected by the proposed order.

## Conclusion

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 11, 2020
Newark, New Jersey

### GIBBONS P.C.

By:/s/ *Christopher Paul Anton*
Christopher Paul Anton (CA 1732)
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
canton@gibbonslaw.com

Attorneys for Plaintiff Murray Palent, as Executor of the Estate of Arthur Palent