# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Robert Gordon Abramson,<br><br>Debtor. | Case No. 19-10997-mg<br><br>Chapter 7 |
| Murray Palent, as Executor of the Estate of Arthur Palent,<br><br>Plaintiff,<br>v.<br><br>Robert Gordon Abramson,<br><br>Defendant. | Adv. Proc. No. 19-01309-mg |

## STIPULATION OF SETTLEMENT
## OF ADVERSARY PROCEEDING

Plaintiff Murray Palent ("Plaintiff"), as executor of the estate of Arthur Palent, by and through his undersigned counsel, and defendant Robert Gordon Abramson ("Abramson"), pro se, hereby stipulate and agree as follows:

### RECITALS

A. On October 14, 2005, Abramson filed a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case No. 05-46891 (the "2005 Bankruptcy Case").

Plaintiff's Initials: _CM_

Defendant's Initials: _RA_

1

B.  On December 15, 2005, Plaintiff's late father, Arthur Palent, commenced an adversary proceeding against Abramson in the 2005 Bankruptcy Case under Adversary Proceeding No. 05-03283-mg, seeking to have a debt totaling approximately $500,000.00 declared nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) (the "2005 Adversary Proceeding").

C.  The 2005 Adversary Proceeding was resolved by way of a Stipulation and Order Settling Adversary Proceeding dated June 12, 2007, which was entered on September 19, 2007 (the "Stipulation and Order") [Doc. No. 24 in 2005 Adversary Proceeding].

D.  Pursuant to the Stipulation and Order, Abramson agreed, among other things, to pay certain sums to Arthur Palent (the "Settlement Obligations").

E.  The 2005 Adversary Proceeding was closed on December 19, 2007 and reopened on July 18, 2013 on the motion of Plaintiff, who was substituted as plaintiff for Arthur Palent, who died in 2010. [Doc. Nos. 36 and 37 in the 2005 Adversary Proceeding].

F.  On August 23, 2013, the Bankruptcy Court entered judgment in favor of the Estate of Arthur Palent and against Abramson in the 2005 Adversary Proceeding in the amount of $131,866.11 based on Abramson's default of his payment of certain of the Settlement Obligations under the Stipulation and Order (the "Judgment") [Doc. No. 46 in the 2005 Adversary Proceeding].

G.  The Judgment provides that Plaintiff may apply to the Bankruptcy Court on notice to Abramson for additional attorneys' fees and expenses that may become due in enforcing the Stipulation and Order.

Plaintiff's Initials: *[initials]*

Defendant's Initials: *[initials]*

2

H. On March 28, 2014, Plaintiff and Abramson entered into a forbearance agreement by which Plaintiff agreed to forbear from exercising certain rights and remedies under the Stipulation and Order and the Judgment, conditioned on Abramson meeting certain payment milestones (the "Forbearance Agreement").

I. Abramson acknowledged in the Forbearance Agreement that the Judgment is valid, final and enforceable, and he further agreed that in the event a bankruptcy case is filed by or against him, he would not oppose a request by Plaintiff to exclude the Abramson's obligations under the Stipulation and Order or the Judgment from the any discharge.

J. Abramson defaulted under the Forbearance Agreement on or about June 1, 2014 and the Judgment has not been satisfied.

K. On April 1, 2019 (the "Petition Date"), Abramson filed the instant Chapter 7 petition with this Court under Case No. 19-10997-mg (the "2019 Bankruptcy Case").

L. On July 3, 2009, Plaintiff filed the within adversary proceeding (the "2019 Adversary Proceeding") seeking a declaration that Abramson's obligations under the Stipulation and Order and the Judgment are excluded from any bankruptcy discharge in the 2019 Bankruptcy Case because those obligations were excepted from discharge in the 2005 Bankruptcy Case and do not fall into any of the eight enumerated grounds in Section 523(b) of the Bankruptcy Code. Alternatively, the 2019 Adversary Proceeding seeks a declaration that those obligations are nondischargeable pursuant to Sections 523(a)(2)(A) and/or 523(a)(6) of the Bankruptcy Code.

M. Palent alleges in the Complaint in the 2019 Adversary Proceeding that as of the filing of the petition in this 2019 Bankruptcy Case, there was due and owing to Plaintiff from

Plaintiff's Initials: *CMP*

Defendant's Initials: *RA*

3

Abramson under the Judgment (after giving due credit for all payments of thereon in the aggregate amount of $31,250.00) the sum of $100,616.11, together with post-judgment interest and additional attorneys' fees and expenses of $37,910.19, as provided for in the Judgment.

N. On August 13, 2019, a Clerk's entry of default was entered against Abramson for failing to answer the Complaint [Doc. No. 5 in the 2019 Adversary Proceeding].

O. On September 5, 2019, Abramson filed letter objecting to the Entry of Default [Doc. No. 11 in the 2019 Adversary Proceeding].

P. On September 12, 2019, Plaintiff filed a letter opposing the Objection to the Entry of Default [Doc. No. 13 in the 2019 Adversary Proceeding].

Q. On November 6, 2019, the Bankruptcy Court held an initial pretrial conference and entered Case Management and Scheduling Order #1 [Doc. No. 13 in the 2019 Adversary Proceeding], which provided, among other things, that Plaintiff must file and Answer to the Complaint by 5:00 p.m. on November 27, 2019.

R. Plaintiff has not filed an Answer to the Complaint.

S. Plaintiff and Abramson have engaged in settlement discussions with a view toward avoiding the costs, risks and distraction of further litigation and have determined to resolve their disputes on the terms and subject to the conditions of this Stipulation of Settlement of Adversary Proceeding (the "Stipulation").

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

Plaintiff's Initials: _CNT_

Defendant's Initials: _RA_

1. **Recitals**. The recitals set forth above are incorporated herein by reference.

2. **Resolution of Nondischargebility Claims**. Abramson's obligations under the Judgment are excluded from any discharge entered in the 2019 Bankruptcy Case or any subsequent bankruptcy case.

2.1 The amount remaining due under the Judgment shall be fixed at $100,000 as of the Stipulation Effective Date (defined below), and shall be increased only by: (1) post-judgment interest that accrues after the Stipulation Effective Date; and (2) any attorneys' fees and expenses of collection awarded under the Judgment after the Stipulation Effective Date.

2.2 Plaintiff will not attempt to collect on or enforce the Judgment until the latter of the following: (1) thirty days after the 2019 Bankruptcy Case is closed; or (2) thirty days after the entry of a final order in Abramson's pending divorce case.

3. **Effective Date**. This Stipulation is conditioned upon Bankruptcy Court approval and will become effective upon the entry by the Bankruptcy Court of a final order approving this Stipulation the ("Stipulation Effective Date").

4. **Heirs; Successors**. This Stipulation shall inure to the benefit of, be binding upon and enforceable by the Parties' respective heirs, successors and assigns.

5. **Entire Agreement**. This Stipulation is complete and embodies the only agreement or understanding of the Parties relating in any way to the subject matter hereof. No statements, promises or representations have been made by any party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as may be expressly

Plaintiff's Initials: _CRT_

Defendant's Initials: _RA_

5

provided herein. No modification of this Stipulation shall be effective unless it is in writing and signed by the Parties.

6. **Voluntary Agreement**. The parties have freely and voluntarily entered into this Stipulation without duress, undue influence or coercion of any kind. Abramson acknowledges that he has had an adequate opportunity to seek the advice and consultation of legal counsel in the negotiation and execution of this Agreement. Abramson acknowledges that counsel for Plaintiff does not represent Abramson and has not rendered any legal advice to Abramson whatsoever.

7. **Change of Defendant's Address**. Abramson shall advise the Plaintiff in writing of any change of address until the Judgment has been satisfied.

8. **Choice of Law**. This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New Jersey without regard to conflicts of law principles.

9. **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to resolve all matters relating to the interpretation and implementation of this Stipulation.

10. **Counterparts**. This Stipulation may be executed and delivered in counterparts, each of which when so executed and delivered shall be the original, but such counterparts together shall constitute but one and the same instrument.

IN WITNESS WHEREOF and in agreement herewith, the parties have executed and delivered this Stipulation as of the date first set forth below.

[Signatures on Next Page]

Plaintiff's Initials: _CMA_
Defendant's Initials: _DA_

| | |
|---|---|
| GIBBONS P.C. | ROBERT GORDON ABRAMSON |
| By: *[signature]*<br>Christopher P. Anton<br><br>*Counsel for Plaintiff Murray Palent, as Executor of the Estate of Arthur Palent* | *[signature]*<br>Robert Gordon Abramson<br><br>*Pro Se* |

State of New York        )
                                      )ss.:
County of New York    )

On the __10__ day of ~~December~~ January in the year ~~2019~~ 2020, before me, the undersigned notary public, personally appeared Robert Gordon Abramson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____*[signature]*_____ Notary Public

JUAN GONZALEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6400134
Qualified in New York County
My Commission Expires 11-04-2023

**"SO ORDERED"**

Dated:

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Robert Gordon Abramson,<br><br>Debtor. | Case No. 19-10997-mg<br><br>Chapter 7 |
| Murray Palent, as Executor of the Estate of Arthur Palent,<br><br>Plaintiff,<br>v.<br><br>Robert Gordon Abramson,<br><br>Defendant. | Adv. Proc. No. 19-01309-mg |

[PROPSED] ORDER APPROVING
STIPULATION OF SETTLEMENT OF ADVERSARY PROCEEDING

Upon the motion of Plaintiff Murray Palent, as Executor of the Estate of Arthur Palent ("Plaintiff") for the entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4007-2(b) approving a Stipulation of Settlement of Adversary Proceeding between Defendant Robert Gordon Abramson ("Defendant") and Plaintiff (the "Motion"), and the Court having jurisdiction to consider same, and due and proper notice having been provided, and after due deliberation and sufficient cause appearing, it is

**ORDERED**, that the Motion is GRANTED and the Stipulation of Settlement annexed to the Motion is hereby APPROVED; and it is further

**ORDERED**, that upon this Order becoming a final order of the Court, the Clerk of the Court may mark the above-captioned adversary proceeding as closed; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
              , 2020

                    Martin Glenn
           United States Bankruptcy Judge